MYERS, Respondent, vs. IHDE and another, Appellants.

*March 12—April 29, 1946.*

*Walter Melchior* of Appleton, for the appellants.
*W. T. Kuchenberg* of Appleton, for the respondent.

Fowler, J.   The plaintiff sues to recover for injuries received in a collision of two automobiles traveling in opposite directions on the highway.   The complaint charges that the defendant Ihde was negligently driving his car on the plaintiff's side of the highway.   The plaintiff was driving north. The issue of negligence was submitted to the jury on a special verdict of two questions: (1) Did the defendant Ihde operate his car to the left of the center of the highway, which the jury answered "No;" (2) Did the plaintiff Myers operate his car to the left of the center of the highway, which the jury answered "Yes."   On motions after verdict the court changed the answer to (1) from "No" to "Yes," and the answer to (2) from "Yes" to "No" and entered judgment for the plaintiff for the damages assessed by the jury.   No issue is raised as to the amount of damages assessed.

The defendant Ihde and a passenger in his car both testified that Ihde was driving on his side of the road when the collision occurred and that Myers turned to his left onto Ihde's side of the road.   Myers testified that when the collision occurred he was driving on his side of the road and that Ihde turned to his left onto Myers' side of the road.   No other eyewitness to the collision testified.   Obviously, if the answers to (1) and (2) rested on the testimony of the eyewitnesses the answers to both questions would have to stand.

The trial judge was of opinion that the physical facts, consisting of tire tracks made by Ihde's car and broken glass on the road, showed that the collision occurred on the east side of the road.   But the same contradiction of proof existed as to these facts as existed in connection with the driving of the cars. Ihde and the witness in the car with him both testified that the broken glass was mostly on the west, Ihde's side of the highway, while other witnesses testified that it was mostly on the east side.

On ruling on the motions after verdict the trial judge stated that "a photograph in evidence," taken to show tire skid marks made by plaintiff's car, together with the testimony of witnesses to whom it was shown, shows conclusively that the collision occurred on the east side of the road. These witnesses interpreted the photograph as showing broken glass on the east side of the road south of the tire marks, while the witness who made the photograph "found no glass" there. We cannot interpret the photograph as the trial court did, and it appears from the statement of a juror, when the jury were brought before the court for further instructions after the case was submitted to them, that the jury could not so interpret it. The juror said "I might add that we are not very much influenced from the exhibit here [the photograph] because that seems to us rather irrelevant and the tire marks there because as I say, it wasn't the point of impact and if you will clarify our minds on that if that would be possible." The court then properly told the jury that it would be improper for him to do that. The photograph seems to us not to indicate the point of impact, nor does it show that what the judge and witnesses to whom it was shown interpreted as broken glass was in fact broken glass. We are satisfied that the evidence as a whole raised a jury question, and that the court erroneously changed the answers to questions (1) and (2). The motion of the defendants for judgment on the verdict as returned by the jury should have been granted and judgment dismissing the complaint on the merits should have been entered.

*By the Court.*—The judgment of the circuit court is reversed, and cause remanded with direction to enter judgment dismissing the complaint on the merits.

RECTOR, J., took no part.